**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASEN LYNN DUSHANE, | ) |
| Plaintiff, | ) |
| | ) 3:15-cv-00531-RCJ-WGC |
| v. | ) |
| | ) |
| NEVADA DEPARTMENT OF CORRECTIONS et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

**I.  DISCUSSION**

Plaintiff, a former inmate of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. (ECF No. 1, 4).  The Court screened Plaintiff's complaint and permitted his First Amendment free exercise and Fourteenth Amendment Equal Protection Clause claims to proceed against defendants NNCC Warden Isidro Baca, NDOC deputy director Sarah Foster, and counselor Michelle Hicks.[1]  (ECF No. 3 at 7:3-7).  However, on June 7, 2016, the Court ordered Plaintiff to file an updated address within thirty days.  (ECF No. 5 at 2:16-19).

The thirty-day period has now expired, and Plaintiff has not filed an updated address or otherwise responded to the Court's order.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where

---

[1] A mediation has since been scheduled.  (ECF No. 8).

appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring

Plaintiff to file an updated address within thirty days expressly stated: "If Plaintiff fails to timely comply with the order to file an updated address, the Court shall dismiss this action with prejudice." (ECF No. 5 at 2:18-19). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an updated address within thirty days.

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that this action is dismissed with prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's June 7, 2016, order (ECF No. 5).

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the mediation currently scheduled for September 6, 2016 (ECF No. 8), is VACATED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED this 18th day of July, 2016.

_____
United States District Judge